1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN WILLIAM ROBINSON,              )     No. C 07-1171 SBA (PR)
                                    )
              Plaintiff,            )     **ORDER OF DISMISSAL AND**
        v.                          )     **GRANTING LEAVE TO PROCEED**
                                    )     ***IN FORMA PAUPERIS***
JOSEPH CHUDY, M.D., et al.,         )
                                    )     (Docket no. 5)
              Defendants.           )
_____)

## INTRODUCTION

Plaintiff John William Robinson, a state prisoner currently incarcerated at the California Men's Colony, has filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 alleging a constitutional rights violation that occurred when he was incarcerated at the Correctional Training Facility (hereinafter "CTF").  He seeks leave to proceed in forma pauperis.  Venue is proper in this district because the events giving rise to the action occurred at the CTF, which is located in this judicial district.  See 28 U.S.C. § 1391(b).

## BACKGROUND

The following factual summary is based on the allegations in Plaintiff's complaint, which are taken as true and construed in the light most favorable to Plaintiff for purposes of the Court's initial review of this action.  See Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Plaintiff names CTF Chief Medical Officer Dr. Joseph Chudy as well as CTF Staff Physicians Dr. Ahmed and Dr. Narayanaswamy Daylan as Defendants in this action.  Plaintiff alleges that Defendants denied him proper treatment for his sleep apnea.

Specifically, Plaintiff claims that he is "constantly waking up chocking [sic] and coughing and the problem is becoming much more severe."  (Compl. at 3.)  He contends that upon arrival at CTF he informed CTF medical staff of his problems.  (Id.)  He was examined by Defendant Ahmed, who referred Plaintiff's case to Defendant Daylan.  Plaintiff alleges he was examined on

June 15, 2006 by Defendant Daylan, who prescribed a "Sleep Study" for Plaintiff.

Plaintiff contends that Defendants showed deliberate indifference to his serious medical needs because they failed to conduct the "Sleep Study" correctly.  Plaintiff alleges that he did not have the benefit of receiving assistance from a trained technician during his first "Sleep Study," and he was forced to connect himself to the machine "without the benefit of any training."  (Id. at 4.)  He claims that the machine used in the "Sleep Study" required that "the 'sensor leads' be applied by a trained technician, . . . to assure the test unit is downloaded correctly."  (Id.)  He alleges that the machine malfunctioned and thus the results were insufficient.  Therefore, Defendants ordered a second "Sleep Study" in November, 2006.  However, Plaintiff claims that he was again denied the benefit of receiving assistance from a trained technician.  (Id.)  Plaintiff states that "[in] attempting to get to the bottom of his disorder [he] turned the machine in on November 13, 2006."  (Id.)  At the time of filing his complaint, Plaintiff states that the results of his second "Sleep Study" were still pending.  (Id.)

Plaintiff alleges that he has exhausted his administrative remedies as to his claim.  According to the Director's Level Appeal Decision attached to Plaintiff's complaint, his 602 appeal was denied because "[Plaintiff's] request for treatment of respiratory problems was granted."  (Pl.'s Attach., Nov. 22, 2006 Director's Level Appeal Decision at 1.)  The decision acknowledges that Plaintiff's first sleep study was scheduled on August 21, 2006, but was not completed "due to a malfunction of the equipment."  (Id.)  It also states that on November 1, 2006, "the equipment [had] been replaced" and that "[o]nce the equipment [had] been properly installed, [Plaintiff] will be scheduled for the study."  (Id.)

Plaintiff seeks monetary relief.

## DISCUSSION

### I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

2

1   monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).

2   Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't,

3   901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must

4   allege two essential elements:  (1) that a right secured by the Constitution or laws of the United

5   States was violated, and (2) that the alleged violation was committed by a person acting under

6   color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

## II.    Exhaustion

8         Plaintiff has not exhausted California's prison administrative process as to his allegations

9   related to the second "Sleep Study," however.

10        The Prison Litigation Reform Act of 1995 (hereinafter "PLRA") amended 42 U.S.C.

11   § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42

12   U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

13   correctional facility until such administrative remedies as are available are exhausted."  42

14   U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in

15   prisoner cases covered by § 1997e(a) is now mandatory.  Porter v. Nussle, 534 U.S. 516, 524

16   (2002).  All available remedies must now be exhausted; those remedies "need not meet federal

17   standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation omitted).  Even when the

18   prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion

19   is a prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Similarly, exhaustion

20   is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances

21   or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534

22   U.S. at 532.  PLRA's exhaustion requirement requires "proper exhaustion" of available

23   administrative remedies.  Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006).

24        The State of California provides its prisoners the right to appeal administratively "any

25   departmental decision, action, condition or policy perceived by those individuals as adversely

26   affecting their welfare."  CAL. CODE REGS. tit. 15, § 3084.1(a).  It also provides them the right to

27   file appeals alleging misconduct by correctional officers/officials.  Id. § 3084.1(e).  In order to

28   exhaust available administrative remedies within this system, a prisoner must proceed through

United States District Court
For the Northern District of California

3

1 several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal

2 form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the

3 Director of the California Department of Corrections.  <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237

4 (S.D. Cal. 1997) (citing CAL. CODE REGS. tit. 15, § 3084.5).  A final decision from the Director's

5 level of review satisfies the exhaustion requirement under § 1997e(a).  <u>Id.</u> at 1237-38.

6  Nonexhaustion under § 1997e(a) is an affirmative defense which should be brought by

7 defendant(s) in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b).

8 <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).   However, a complaint may be

9 dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no

10 exception to exhaustion applies."  <u>Id.</u> at 1120.  Here, Plaintiff concedes he has not exhausted his

11 administrative remedies as to his deliberate indifference claim as it relates to his second "Sleep

12 Study."  In fact, he claims that the results of the second sleep study were "still pending" at the

13 time he filed his complaint.  Plaintiff has not presented any extraordinary circumstances which

14 might compel that he be excused from complying with PLRA's exhaustion requirement.  <u>Cf.</u>

15 <u>Booth</u>, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

16  Accordingly, Plaintiff's deliberate indifference claim as it relates to his second "Sleep

17 Study" is DISMISSED without prejudice to refiling after exhausting California's prison

18 administrative process.  <u>See</u> <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002)

19 (action must be dismissed without prejudice unless prisoner exhausted available administrative

20 remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

21 **III.** **<u>Deliberate Indifference to Serious Medical Needs</u>**

22  Plaintiff alleges that Defendants failed to train him on how to operate the machine used in

23 his first "Sleep Study" or to provide a trained technician to assist him.  Assuming Plaintiff's

24 medical needs were "serious," Plaintiff has not alleged facts which support a finding of deliberate

25 indifference to those needs by Defendants.

26  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial

27 risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.

28 <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  A claim of mere negligence (medical malpractice)

or harassment related to medical problems may amount to a state tort claim, but it is not enough to make out a violation of the Eighth Amendment.  See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Moreover, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Id.  And a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference.  See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In line with the above legal standards, Plaintiff's allegations that Defendants failed to properly conduct his first "Sleep Study" are insufficient as a matter of law to render Defendants' actions deliberately indifferent.  At most, Plaintiff is alleging a claim of mere negligence related to his medical problems, which may amount to a state tort claim, but it is not enough to make out a violation of the Eighth Amendment.  See Franklin, 662 F.2d at 1344.  Accordingly, Plaintiff's deliberate indifference claim as it relates to his first "Sleep Study" is DISMISSED with prejudice.

**CONCLUSION**

For the foregoing reasons,

1.    Leave to proceed in forma pauperis (docket no. 5) is GRANTED.

2.    Plaintiff's deliberate indifference claim as it relates to his first "Sleep Study" is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

3.    Plaintiff's deliberate indifference claim as it relates to his second "Sleep Study" is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.

4.    The Clerk of the Court shall terminate all pending motions and close the file.

5.    This Order terminates Docket no. 5.

IT IS SO ORDERED.

DATED:  11/5/07

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Robinson1171.dismiss.frm5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOHN WILLIAM ROBINSON,

            Plaintiff,

   v.

JOSEPH CHUDY et al,

            Defendant.
_____/

Case Number: CV07-01171 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 6, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John William Robinson P46464
CMC East
P.O. Box 8101
San Luis Obispo,  CA 93409

Dated: November 6, 2007

                                 Richard W. Wieking, Clerk
                                 By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California